FILED
September 4, 2018
Time 10:31 AM
TN COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| Danny Brad Gentry, | ) | Docket No.: 2017-05-0436 |
| Employee, | ) | |
| v. | ) | |
| Franke USA Holding, Inc., | ) | State File No.: 79795-2015 |
| Employer, | ) | |
| and | ) | Judge Thomas Wyatt |
| Sentry Insurance Company, | ) | |
| Insurer. | ) | |
| | ) | |

---

## ORDER FOR PARTIAL SUMMARY JUDGMENT SETTING DATE OF MAXIMIM MEDICAL IMPROVEMENT AND DENYING PAYMENT OF PERMANENT DISABILITY BENEFITS AND COMPENSATION HEARING ORDER AWARDING FUTURE MEDICAL BENEFITS

---

This claim came before the Court on August 30, 2018, for a telephonic oral argument of the Motion for Summary Judgment filed by Franke USA Holding, Inc. (Franke). Danny Brad Gentry represented himself, while Attorney Lee Anne Murray represented Franke. Franke's motion seeks summary judgment on two points: (1) that Mr. Gentry retained a zero-percent impairment rating for his compensable injury, and thus Franke does not owe him permanent partial disability benefits; and (2) that Mr. Gentry attained maximum medical improvement (MMI) from his work injury on July 28, 2017. Franke does not seek to dismiss its obligation to provide authorized future care of Mr. Gentry's work injury under Dr. Brian Petersen. For the reasons below, the Court holds that Franke is entitled to summary judgment on the issues described above.

*Procedural Background*

Franke filed the motion with supporting documentation on July 26. On August 10, the Court conducted a telephonic hearing and informed Mr. Gentry about the procedures applicable to a summary judgment motion. The Court also discussed the fact that Franke produced medical expert opinion on the issues of impairment rating and MMI; thus he likely needed contrary medical expert opinion on these points to defend the

1

motion. The Court also told Mr. Gentry of his obligation to respond to Franke's Statement of Undisputed Facts and outlined the deadlines applicable to summary judgment. The Court urged Mr. Gentry to read Tennessee Rule of Civil Procedure 56 and suggested that he contact the Bureau's Ombudsman Program to seek assistance in defending Franke's motion.

*Summary Judgment—Payment of Permanent Disability Benefits*

Moving to the merits of Franke's motion, the Court considered the following statement in *Payne v. D & D Elec.,* 2017 Tenn. LEXIS 215, at *8-9 (Tenn. 2017), for the standard applicable to a motion for summary judgment:

> When a motion for summary judgment is made and supported, the party opposing summary judgment must file a response to each fact set forth by the moving party. The nonmoving party may not rely upon the allegations in the pleadings; to survive summary judgment, the nonmoving party must set forth specific facts showing a genuine issue for trial. Tenn. R. Civ. P. 56.06. The nonmoving party's response "must do more than simply show that there is some metaphysical doubt as to the material facts." *The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party.*

(Emphasis added.) (Internal case citations omitted.)

Franke supported its motion with a Statement of Undisputed Facts, an affidavit of the handling adjuster, and several sets of medical reports and forms signed by physicians.[1] The Court considers Franke's motion unopposed since Mr. Gentry did not file rebutting affidavits or responses to Franke's Statement of Undisputed Facts.[2] *See* Rule 4.01(B) of the Practices and Procedures of the Court of Workers' Compensation Claims; *Beecher v. McKesson Corp.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 41, at *7-8 (Jul. 21, 2017), holding that Tennessee Rule of Civil Procedure 56.03 requires the moving party to file a Statement of Undisputed Facts and the non-moving party to respond to what the movant filed. Despite Mr. Gentry's failure to respond, the Court will decide Franke's motion on its merits.

---

[1] The Court notes that Franke supported its motion by unsworn medical records. Tennessee Rule of Civil Procedure 56.04 directs a decision-maker to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether a movant is entitled to summary judgment. However, Mr. Gentry did not object to the unsworn nature of the evidence, and the Court will not raise this objection for him. *See Thomas v. Zipp Express,* 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *12 (Mar. 15, 2017).

[2] Franke's Statement of Undisputed Facts contained statements that Dr. Brian Petersen rated Mr. Gentry's impairment at zero percent and set July 28, 2017, as his date of MMI.

2

The Court first addresses whether Franke is entitled to summary dismissal of Mr. Gentry's claim for permanent partial disability benefits. Tennessee Code Annotated section 50-6-207(3)(A) allows permanent partial disability benefits to an employee "[i]n case of disability partial in character but adjudged to be permanent." The amount of benefits is "determined by multiplying the employee's impairment rating by four hundred fifty (450) weeks."

Franke produced Drs. Brian Petersen's and Jeffrey Hazlewood's opinions that Mr. Gentry retained an impairment rating of zero percent to the body. It also produced evidence that it paid $10,970.23 in permanent disability benefits after the date of MMI, thus it would receive a credit in this amount should Mr. Gentry receive an award of permanent partial disability benefits.

Mr. Gentry did not produce evidence to rebut the ratings produced by Franke. During argument, he complained about Dr. Petersen and other workers' compensation doctors diagnosing him with Complex Regional Pain Syndrome and then changing that diagnosis without seeing him. He additionally argued that Franke had not fairly treated him because it did not pay him mileage and it seeks a credit for benefits paid while authorized doctors fully restricted the use of his arm. Mr. Gentry also stated that he is under the care of physicians treating him for Complex Regional Pain Syndrome, but he did not produce those physicians' records to defend against Franke's motion.

Mr. Gentry's failure to produce rebuttal evidence on the impairment-rating issue is fatal to his defense against summary judgment. His argument falls into the category of a statement of his "metaphysical doubt" about the facts produced by Franke. Thus, the Court holds that he did not demonstrate the existence of specific facts that could support a holding that the impairment rating for his work injury is other than zero percent. *See Payne, supra.* Hence, the Court holds that Franke is entitled to summary judgment that Mr. Gentry retains a zero-percent impairment rating.

Given a zero-percent rating, Franke is also entitled to summary judgment that it does not owe Mr. Gentry permanent partial disability benefits. Subsection 50-6-207(3)(A) requires the multiplication of an employee's impairment rating by 450 weeks and the applicable compensation rate to calculate an employee's vocational impairment. Because zero percent times 450 weeks times the applicable compensation rate is zero, the Court grants Franke summary judgment on the issue of permanent partial disability benefits.

*Summary Judgment—Date of MMI*

The court now turns to the issue of whether Franke is entitled to summary judgment as to MMI. Franke provided a statement signed by Dr. Petersen indicating that Mr. Gentry attained MMI on July 28, 2017, and included this fact in its Statement of

3

Undisputed Facts to which Mr. Gentry failed to respond. Franke also produced a statement signed by Dr. Hazlewood on December 4, 2017, indicating his opinion that Mr. Gentry attained MMI.[3] Mr. Gentry did not produce expert opinion to rebut the these opinions, thus the Court holds that Franke is entitled to summary judgment that Mr. Gentry attained MMI from his work injury on July 28, 2017.

*Future Medical Benefits*

Franke's motion concedes its statutory obligation to provide Mr. Gentry medical care for his compensable injury. Thus, the Court orders that Franke provide Mr. Gentry with authorized treatment of his compensable injury under the care of Dr. Petersen in compliance with the Tennessee Workers' Compensation Law.

*Filing Fee and Statistical Data Form*

The Court taxes Franke and/or its carrier with the payment of the $150.00 filing fee pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07. Counsel for Franke shall also file a Statistical Data form (SD-2) within ten days of this Order.

**It is so ORDERED.**

**ENTERED August 31, 2018.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

---

[3] Dr. Hazlewood did not set a specific date of MMI.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on ~~August 31~~, 2018. September 4

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Email Address |
|------|----------------|------------------|---------|-----------|---------------|
| Danny Gentry, Self-Represented Employee | | X | | X | Bj_gentry@hotmail.com<br>312 9th Avenue<br>Fayetteville, TN 37334 |
| Lee Anne Murray, Employer Attorney | | | | X | leeamurray@feeneymurray.com<br>shelia@feeneymurray.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

5



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| Source | Amount | | Beginning |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month   Medical/Dental $ _____ per month

Groceries        $ _____ per month   Telephone       $ _____ per month

Electricity      $ _____ per month   School Supplies $ _____ per month

Water            $ _____ per month   Clothing        $ _____ per month

Gas              $ _____ per month   Child Care      $ _____ per month

Transportation   $ _____ per month   Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____   (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____   (FMV) _____

Other                   $ _____   Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____